

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-18-2009

# Joanne Boyd v. Patrick Pearson

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-3713

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Joanne Boyd v. Patrick Pearson" (2009). *2009 Decisions*. Paper 640.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/640

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-3713
_____

JOANNE BOYD,
                    Appellant
v.

PATRICK PEARSON

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 07-cv-02421)
District Judge:  Honorable J. Curtis Joyner

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 3, 2009

Before: SLOVITER, AMBRO and GREENBERG, Circuit Judges

(Opinion filed: September 18, 2009)

_____

OPINION OF THE COURT
_____

PER CURIAM

This matter comes on before this Court on Joanne Boyd's appeal from an order of

the District Court dismissing her complaint without prejudice pursuant to Rule 41(b) of

the Federal Rules of Civil Procedure.  For the reasons that follow we will affirm the

order, albeit on grounds differing from those of the District Court.

## I.

The material facts are not complex. On June 15, 2007, Boyd filed this action under 42 U.S.C. § 1983 against Patrick Pearson, the father of her son, Malcolm Pearson. On June 28, 2007, the District Court entered an order allowing her to proceed in forma pauperis and ordered the marshal to serve the summons and complaint on Pearson without cost to Boyd. For more than a year, however, the marshal did not serve process on Pearson, and, so far as the docket reflects, there was not any activity in the case during the year. Accordingly, in an order entered July 29, 2008, the Court ordered the case dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b), which permits dismissal of an action if the plaintiff does not prosecute it. The order of dismissal, however, provided that "if, within twenty (20) days, good cause can be shown why service was not made within one hundred and twenty (120) days of the date of the filing of the Complaint, the dismissal will be vacated." Boyd did not attempt to show good cause why the service had not been made prior to the expiration of the 20-day deadline. Instead, on August 28, 2008, she filed an appeal from the dismissal to this Court.

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.[1] We may

---

[1]As we have indicated, the order in the District Court entered July 29, 2008, from which Boyd filed this appeal, recited that "the matter is hereby DISMISSED WITHOUT PREJUDICE," but provided that for good cause shown within 20 days the dismissal

affirm on any basis the record supports.  Erie Telecomms. Inc. v.  City of Erie, 853 F.2d

1084, 1089 n.10 (3d Cir. 1988).

III.

Pursuant to 28 U.S.C. § 1915(d), officers of the court issue and serve all process in

in forma pauperis cases "that are not initially dismissed as frivolous by the district court."

Gibbs v. Ryan, 160 F.3d 160, 161 n.1 (3d Cir. 1998).  As we have indicated, the District

Court granted Boyd's motion to proceed in forma pauperis, and ordered the marshal to

serve Pearson with the summons and complaint at no cost to her.  In the circumstances, in

the light of Gibbs, it was improper for the District Court to dismiss the complaint for lack

of service because the marshal, not Boyd, was responsible for the failure to make service.

Nevertheless, we will affirm the order of dismissal because the case was subject to

dismissal pursuant to 28 U.S.C. § 1915(e)(2).  A civil rights action brought pursuant to

section 1983 is sustainable against state actors only.  Bright v. Westmoreland County, 380

F.3d 729, 736 (3d Cir. 2004).  Pearson, the sole defendant, is not a state actor, and,

---

would be vacated.  Ordinarily, an order of dismissal without prejudice is neither final nor appealable because the plaintiff may correct the deficiency "without affecting the cause of action." Borelli v. City of Reading, 532 F.2d 950, 951 (3d Cir. 1976).  But Boyd did not show good cause for the deficiency, i.e., the failure to make timely service, and consequently the order became final and appealable at the end of 20 days after its entry. See Shapiro v. USB Fin. Corp., 964 F.2d 272, 278 (3d Cir. 1992).  Moreover, it appears that the statute of limitations has run on the claims Boyd advances and thus, in effect, the dismissal, though originally without prejudice, has become a dismissal with prejudice. See Morton Int'l, Inc. v. A.E. Staley Mfg. Co., 460 F.3d 470, 477 (3d Cir. 2006). Consequently, inasmuch as dismissals with prejudice are appealable, we have jurisdiction over this appeal.

3

notwithstanding Boyd's claims that Pearson conspired with state and federal courts to gain custody of their son and to embezzle funds from his trust account, Boyd's accusations are insufficient to sustain her claims. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) ("A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.") (internal quotation marks, citation, and bracket omitted). Accordingly, we will affirm the order of the District Court entered July 29, 2008.[2] Boyd's outstanding motions are denied.

---

[2]We realize that we are affirming an order of dismissal without prejudice that was not on the merits and, in affirming, effectively are dismissing the case on the merits. Thus we have converted the dismissal without prejudice into a dismissal with prejudice. Ordinarily, in the absence of a cross appeal we could not have made this conversion, as by doing so we would be enhancing Pearson's position and constricting that of Boyd. See Nationwide Mut. Ins. Co. v. Cosenza, 258 F.3d 197, 205 (3d Cir. 2001). Here, however, as we already have explained, the dismissal, though in terms without prejudice, has become a dismissal with prejudice. See supra n.1. Accordingly, notwithstanding changing the reason for our outcome from that of the District Court, we are not changing the effect of the dismissal.